# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Google email account marfreak24@gmail.com<br>stored at Google Incorporated, 1600 Amphitheater<br>Parkway, Mountain View, CA 94043 | )<br>)<br>) Case No. 4:17-MJ-248<br>)<br>)<br>) |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 17 2017
CLERK, U.S. DISTRICT COURT
By_____ Deputy

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Northern_____ District of _____Texas_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1470 | Transfer of obscene material to minors |
| 18 U.S.C. § 2422(b) | Enticement of a Child |

The application is based on these facts:

See Affidavit in Support of Search Warrant

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Kyle L. Kuykendall, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3-17-17

_____
*Judge's signature*

City and state: Fort Worth, Texas

Hal R. Ray, Jr., U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Special Agent, Kyle L. Kuykendall, of the United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), being duly sworn under oath, do hereby depose and state:

1. I am assigned to the Special Agent in Charge, Dallas, Texas. I have been employed with HSI since August 2008. As an HSI Special Agent, I am authorized to investigate crimes involving the sexual exploitation of children pursuant to 18 U.S.C. §§ 1470 and 2422. Section 1470 makes it a federal offense to use the mail or any facility or means of interstate commerce, including by a computer, cellular phone, or email account, to knowingly transfer obscene material to another individual who has not attained the age of 16 years, knowing that such individual has not attained the age of 16 years, or attempts to do so. Section 2422(b) makes it a federal offense to use the mail or any facility or means of interstate commerce, including by a computer, cellular phone, or email account, or within the special maritime and territorial jurisdiction of the United States, to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so.

2. As a federal agent, I am authorized to investigate violations of the law of the United States and to execute warrants issued under the authority of the United States.

3. This affidavit is being made in support of an application for a search warrant for information associated with certain accounts, listed in Attachment A, that are

stored at the premises owned, maintained, controlled, and/or operated by Google Inc., 1600 Amphitheatre Parkway, California, 94043 for the items specified in Attachment B.

4. The purpose of this application is to seize evidence, more particularly described in Attachment B, of violations of 18 U.S.C. §§ 1470 and 2422(b).

5. The following affidavit sets forth facts that establish that Google, Inc. e-mail account **marfreak24@gmail.com** was used to exchange sexually explicit communication, whereby the account holder attempted to persuade, induce, entice, or coerce an individual he believed to be under the age of 18 years old to engage in sexual activity for which a person can be charged with an offense.

## DEFINITIONS

6. The following definitions apply to this Affidavit and Attachment B to this Affidavit:

7. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. *See* 18 U.S.C. § 2256(2).

8. "Electronic Mail," commonly referred to as e-mail (or email), is a method of exchanging digital messages from an author to one or more recipients. Modern email operates across the Internet or other computer networks. Email systems are based on a store-and-forward model: email servers accept, forward, deliver, and store messages. Neither the users nor their computers are required to be online simultaneously; they need

only connect briefly, typically to an email server, for as long as it takes to send or receive messages. An Internet email message generally consists of three components, the message envelope, the message header, and the message body, but may include a fourth component, an attachment. Email attachments can include any type of digital file. There are numerous methods of obtaining an email account; some of these include email accounts issued by an employer or school. One of the most commons methods of obtaining an email account is through a free web-based email provider such as, MSN, Yahoo, or Gmail. Anyone that has access to the Internet can generally obtained a free web-based email account.

9. The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

## BACKGROUND OF INVESTIGATION

10. On March 2, 2017, an advertisement was posted to an Internet message board website servicing the Dallas - Fort Worth, Texas area. The title of the advertisement read, "Family Nudism?? Or more?? – m4mw". The advertisement appeared in a section of the Internet message board that is commonly used to solicit sexual activity, and the term "m4mw" refers to a man for a man or woman encounter. The content of the advertisement included the statement, "I'm looking for the Husband/Wife type of nudism by itself but also the kind that goes deeper than that – from like the whole family nudism that includes the sons and daughters as well or maybe it's just Mother/daughter, Dad/Daughter, Aunt/Niece, Uncle/Niece, Grandmother/Granddaughter, etc......" The advertisement also stated, "Just a VERY, VERY discreet early 30's attractive black male here just looking for a family with a kinky side." The poster of the advertisement also listed his username for the Kik Messenger application as "marq2435".

11. Based on my prior investigative experience, I know this particular message board has been used in the past by adults to solicit sex from minors within the Northern District of Texas. I am also aware that the operators of the Internet message board website expressly prohibit any advertisements soliciting sexual activity from minors. To avoid blatantly violating posting restrictions set by the Internet message board website, individuals attempting to entice minors to engage in sexual activity often use key terms or phrases to indicate that they are seeking a sexual partner under the age of eighteen.

Examples of such key words and phrases previously identified and known to law enforcement include terms such as son, daughter, niece, nephew, or younger. Based on my previous experience, I suspected that the terms "daughter" and "niece" indicated that the individual posting the message board advertisement (hereinafter referred to as "the message board poster") was in fact soliciting a sexual encounter from a young female, potentially under the age of eighteen.

12. On March 2, 2017, an undercover agent (UCA) with Homeland Security Investigations e-mailed the message board poster and asked if the message board poster "had any hangups with age". The UCA also stated "Ive got a stepdaughter who likes to play and might be up for a new friend."

13. Approximately 30 minutes after his initial e-mail, the UCA received a reply from the message board poster stating, "No I don't have any hung ups on age." The message board poster also stated, "I am interested".

14. In response the UCA sent a follow up e-mail to the message board poster and stated, "So my wife (her mom) doesn't know; so, we don't get to play that often." The UCA also wrote, "And she is 13, so I get it if that's too young for you."

15. In response, the message board poster replied, "I am interested in meeting her and you." In subsequent e-mails the message board poster and the UCA discussed meeting during the purported minor's spring break from school, and they agreed to split the cost of a hotel room.

16. When the UCA asked the message board poster what he was interested in doing, the message board poster wrote, "I like to hang out nude and give women/girls

massages." He further elaborated, "With my lovers I like oral, rimming, and foreplay. Other than straight sex".

17. In a later e-mail, the UCA suggested that they communicate via text message. The message board poster agreed and provided his phone number as (817) - [redacted]. A search of public databases revealed this phone number was used by a **Marquis Streaty** of Arlington, Texas. A search of the Facebook.com website also indicated this number was linked to the Facebook profile of a **Marquis Streaty** of Arlington, Texas.

18. Shortly after agreeing to communicate via text message, the UCA received a text from the user of phone number (817) - [redacted] (hereinafter identified as "**Streaty**"). During the ensuing text message conversation, **Streaty** asked the UCA about the purported minor's sexual preferences including, "Dose she rim?".

19. On March 6, 2017, the UCA provided **Streaty** with a cellular phone number for the purported 13-year-old female and suggested that **Streaty** communicate with the minor directly. Shortly thereafter, the UCA received a text message from **Streaty** at the purported minor's phone number. In the ensuing conversation between **Streaty** and the UCA, who was also posing as the 13-year-old female, **Streaty** asked, "Have you ever been with a black guy?" When the UCA replied in the negative, **Streaty** replied, "So I will be your first".

20. When asked by the UCA what he wanted to do, **Streaty** stated, "We can touch each other bodies" and "You can see how much of my dick you can get in your

mouth". **Streaty** described the size of his penis, to which the UCA claimed it might be painful, and **Streaty** responded, "Maybe at first".

21. When the UCA informed **Streaty** that he would have to wear a condom, **Streaty** replied, "Trust me I will". The UCA then asked **Streaty** about his physique, and **Streaty** responded, "I can show you a pic". **Streaty** then sent a photograph of a fully nude, post-pubescent male. The individual depicted in the photograph's face was obscured with a cartoon smiley face.

22. The UCA then reiterated the purported minor's age as being 13 years old, to which **Streaty** replied, "I know It's cool". After discussing the purported minor's age, **Streaty** stated his desire to engage with the minor in specific sexual activities, including oral sex and sexual intercourse. The sexual activity described to the UCA would be a violation of Texas Penal Code § 22.011(a)(2).

23. In a later text conversation between **Streaty** and the UCA, who was posing as the purported stepfather, **Streaty** agreed to meet the purported minor and the stepfather on the morning of March 9, 2017, at a [redacted] Inn and Suites located along Interstate 30 in Fort Worth, Texas. **Streaty** again agreed to split the cost of the hotel room with the stepfather.

24. On March 9, 2017, the UCA, while posing as the father, sent two text messages stating his and the purported minor's intent to travel to the [redacted] Inn and Suites. **Streaty** subsequently sent a message stating he doubted the UCA's claimed identity. **Streaty** further wrote, "Tell me the truth. If she is older I am fine with that. I am very nervous about be with someone underage. I am not saying that you are a cop or

something like that. But it is very suspicious to me." Due to an unexplained technical glitch, the message was not received on the UCA's mobile device.

25. Unaware of **Streaty's** message, the UCA placed a recorded phone call to **Streaty** and confirmed **Streaty's** intent to meet the UCA at the agreed upon location. During the phone conversation, **Streaty** made no reference to his previous text message or his concerns.

26. After speaking with the UCA, **Marquis Konrad Streaty** traveled from his residence in Arlington, Texas, to the [redacted] Inn and Suites hotel in Fort Worth, Texas. Upon **Streaty's** arrival at the hotel, **Streaty** was intercepted by Homeland Security Investigations special agents and placed under arrest. At the time of his arrest, **Streaty** was in possession of condoms, lubricant, and a Motorola cellular phone.

27. Following his arrest I advised **Streaty** of his *Miranda Warnings*, and **Streaty** acknowledged he understood his rights. **Streaty** then waived his rights for the purpose of answering agents' questions. In the subsequent interview, **Streaty** claimed he doubted the purported female was in fact a minor, but he claimed that if she was underage, he had no intent to engage in sexual activity with her.

28. When asked about **Streaty's** use of the Internet message board, where the "Family nudism" advertisement was posted, **Streaty** claimed he had posted numerous advertisements over the past year. **Streaty** further stated that he used the e-mail address mar_jesusfreak@hotmail.com to send and receive correspondence relating to his Internet advertisements.

29. I asked **Streaty** for consent to search his phone, which **Streaty** provided in written form. When asked if he possessed any images, which could potentially constitute child pornography, **Streaty** stated he had received a few photographs through the Kik Messenger application, which may depict underage females.

30. As a result of a subsequent forensic review of **Streaty's** phone, agents identified numerous e-mail messages from users of the Internet message board where **Streaty** posted his advertisement; however, the correspondence was received at the e-mail address **marfreak24@gmail.com** and not at the mar_jesusfreak@hotmail.com e-mail address as **Streaty** indicated during his interview. Additionally, agents located three unique login e-mail address and password combinations saved on **Streaty's** phone for the Internet message board where **Streaty** posted the "Family nudism" advertisement. Those three addresses were **marfreak24@gmail.com**, mar_jesusfreak@hotmail.com, and marquis2435@yahoo.com. During the interview **Streaty** failed to mention either the Gmail or Yahoo! e-mail accounts when questioned.

31. I am aware that Internet based email accounts, such as those offered by Google, Inc., allow users to keep and store e-mail messages for an indefinite period of time.

## CONCLUSION

32. Based on the aforementioned factual information, there is probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 1470 and 2422(b) may be found at the location described in Attachment A.

33. I, therefore, respectfully request that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

_____
Kyle L. Kuykendall, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on this 17TH day of March, 2017 at 9:55 a.m., in Fort Worth, Texas.

_____     _____
                                     Hal R. Ray, Jr.
                                     HAL R. RAY, JR.
                                     UNITED STATES MAGISTRATE JUDGE

**Affidavit in Support of Application for Search Warrant - Page 10 of 10**

## ATTACHMENT A
## PROPERTY TO BE SEARCHED

This warrant applies to information associated with the Google email account **marfreak24@gmail.com**, which is stored at premises owned, maintained, controlled or operated by Google Incorporated, headquartered at 1600 Amphitheater Parkway, Mountain View, CA 94043.

Attachment A

# ATTACHMENT B
# DESCRIPTION OF ITEMS TO SEIZED AND SEARCHED

In order to ensure that agents search only those computer accounts and/or computer files described herein, this search warrant seeks authorization to permit employees of Google Inc., to assist agents in the execution of this warrant. To further ensure that agents executing this warrant search only those accounts and/or computer files described below, the following procedures have been implemented:

1. The warrant will be presented to Google Inc. personnel by law enforcement agents. Google Inc., personnel will be directed to isolate those accounts and files described below;

2. In order to minimize any disruption of computer service to innocent third parties, the system administrator will create an exact duplicate of the accounts and files described in Attachment A, including an exact duplicate of all information stored in the computer accounts and/or files described below;

3. Google Inc., system administrator will provide the exact duplicate of the accounts and files described below and all information stored in those accounts and/or files to the Special Agent who serves this search warrant;

4. Law enforcement personnel will thereafter review the information stored in the accounts and files received from the system administrator and then identify and copy the information contained in those accounts and files that are authorized to be further copied by this search warrant;

Attachment B

5. Law enforcement personnel will then seal the original duplicate of the accounts and files received from the system administrator and will not further review the original duplicate absent an order of the Court.

I. **Information to be disclosed by Google Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google Inc. Google Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. The contents of all e-mails stored in the account, including copies of e-mails sent from the account;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. All records or other information stored by an individual using the account, including address books, contact and buddy lists, pictures, and files;

d. All content in the Docs, Calendar, Friend Contacts and Photos areas;

e. Any and all Google IDs listed on the subscriber's Friends list;

Attachment B

f. All records pertaining to communications between Google Inc., and any person regarding the account, including contacts with support services and records of actions taken.

## II. Information to be seized by the government

All records or information, including the contents of any and all wire and electronic communications, attachments, stored files, print outs, and header information that contain evidence, fruits, and instrumentalities of violations of Title 18 U.S.C. §§ 1470 [Attempted transfer of obscene material to a minor] and 2422(b) [Attempted coercion and enticement], including, but not limited to, for each account or identifier listed on Attachment A, information pertaining to:

a. The receipt, possession, or distribution of email communication, photos, or visual depictions of minors, to include image and video files and communications sent during Streaty's contact with the undercover agent, which may reside in the account's contents. Furthermore, the receipt, possession, or distribution of personal identifying information and financial account numbers, including, but not limited to credit card verification values (CVV) and victim names, addresses, dates of birth, and financial account numbers.

b. The contents of any such communications that will assist investigators in ascertaining the nature and scope of the crimes under investigation, the true identity and or location of the subjects and their co-conspirators, the names, addresses, and locations of victims, all records relating to who created, used, or

Attachment B

communicated with the account or identifier, and any disposition of the proceeds of the crimes under investigation.

c.  Records relating to who created, used, or communicated with the account or identifier.

Google shall disclose responsive data, if any, by sending to the recipient below using the US Postal Service or another courier service, notwithstanding 18 U.S.C. §§ 2252, 2252A or similar statute or code.

**Attachment B**